# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:12-cv-249-MR
## [Criminal Case No. 4:96-cr-53-MR]

| | |
|---|---|
| ERIC WHEELER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion for Miscellaneous Relief Pursuant to the All Writs Act, 28 U.S.C. § 1651, [Doc. 1], and on Petitioner's Motion to Proceed in Forma Pauperis, [Doc. 2].

## BACKGROUND

Petitioner filed the instant Motion on August 13, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 4:96-cr-53. In his underlying criminal case, Petitioner was convicted by a jury on October 3, 1996, of conspiracy to unlawfully manufacture, distribute, and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and for use of a firearm during a drug offense in violation of 18 U.S.C. § 924(c)(1). The Court found that Petitioner was a

career offender pursuant to United States Sentencing Guideline (U.S.S.G.) § 4B.1.1 and that he was subject to a mandatory minimum term of imprisonment of life under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 851. In accord with that determination, on June 20, 2007, he was sentenced to life term on Count 1, with a consecutive 60 month sentence on Count 11. [Doc. 248]. Petitioner appealed and the Fourth Circuit Court of Appeals affirmed both the conviction and sentence. See United States v. Wheeler, 153 F.3d 725 (4th Cir. 1998) (unpublished).

On December 27, 1999, Petitioner filed a 28 U.S.C. § 2255 petition. On April 12, 2001, this Court allowed the motion in part and vacated Petitioner's sentence in part. See [Crim. No. 4:96cr53-2, Doc. 456: Amended Judgment]. Specifically, the Court reduced Petitioner's term of imprisonment on the drug conspiracy charge to 360 months, followed by six years of supervised release; and reduced the term of imprisonment on the firearm charge to 60 months, to run consecutive to the 360-month term, followed by three years of supervised release. The Court granted the petition based on its belief that the U.S. Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), was retroactively applicable to cases on collateral review.

The government appealed and on January 18, 2002, the Fourth

Circuit Court of Appeals remanded for this Court to reimpose the original life sentence on the drug count.  See United States v. Wheeler, 24 Fed. App'x 218 (4th Cir. Jan. 18, 2002) (unpublished) (per curiam).  The Fourth Circuit found that the Court had erred in finding that Apprendi applied retroactively to Petitioner on collateral review.  See Wheeler, 24 Fed. App'x at 218.

On April 12, 2011, Petitioner filed the pending motion pursuant to the All Writs Act, 28 U.S.C. § 1651, in which he alleges that he no longer qualifies as a career offender after United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because the underlying felonies used to establish his career offender status were not punishable by more than one year.

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

# DISCUSSION

## A. Motion to Proceed in Forma Pauperis

First, as to Petitioner's Motion to Proceed in Forma Pauperis, Petitioner has submitted his inmate trust account showing that, as of August 23, 2012, the balance in his account was $662.16. See (Doc. No. 2 at 7). Because Petitioner has sufficient funds with which to pay the $5.00 filing fee, the Court will deny his Motion to Proceed in Forma Pauperis.

## B. Motion under the All Writs All Act, 28 U.S.C. § 1651

### 1. Coram Nobis

As noted, Petitioner had filed his motion pursuant to the All Writs Act, 28 U.S.C. § 1651. Petitioner has not specified what type of common law writ he seeks to bring, i.e., a writ of coram nobis or a writ of audita querela. Petitioner, however, may not obtain relief under either writ. First, a writ of coram nobis is limited to petitioners who are no longer in custody pursuant to their convictions. United States v. Orocio, 645 F.3d 630, 634 n.4 (3d Cir. 2011) ("The writ is available to persons not held in custody [to] attack a conviction for fundamental defects, such as ineffective assistance of counsel.") (alteration in original). Because Petitioner is still in custody he may not attack his criminal judgment through this writ.

Furthermore, "[a] writ of error coram nobis is an 'extraordinary'

remedy that may be used to correct 'errors of the most fundamental character' that rendered the underlying proceeding invalid when no other alternative remedy is available." United States v. Akinsade, 686 F.3d 248, 260 (4th Cir. 2012) (Traxler, J., dissenting) (quoting United States v. Morgan, 346 U.S. 502, 512 (1954)).  Finally, "the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs."  Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007)) (quoted by United States v. Sessoms, No. 12-7316, 2012 WL 5520311, at *1 (4th Cir. filed Nov. 15, 2012).

As noted above, Petitioner has already filed one § 2255 petition in his case.  Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner must obtain permission from the appropriate court of appeals before he may file a second (or third) motion under § 2255.  28 U.S.C. § 2255(h).  Petitioner has not offered any evidence that he has obtained the necessary authorization from the Fourth Circuit to file a second § 2255 petition.  Furthermore, he cannot avoid the statutory rules regarding successive, unauthorized petitions by filing the pending application for relief under the All Writs Act.  For all of these reasons, the Court will deny Petitioner's application for a writ for coram nobis.

2.  **Audita Querela**

"At common law, the writ of audita querela permitted a judgment debtor to obtain equitable relief from a legal judgment because of some defense or discharge arising after the entry of judgment." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (per curiam) (citation omitted). Although Rule 60(b) of the Federal Rules of Civil Procedure expressly abolished audita querela in the civil context, in United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court found that common law writs potentially survive in the criminal context pursuant to the All Writs Act. Therefore, audita querela is potentially available "where there is a legal . . . objection to a conviction that has arisen subsequent to the conviction and this is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). Nonetheless, such common law writs survive only to the extent that they "fill the gaps" in the current system of federal post-conviction relief. Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997).

As discussed above, Petitioner is barred from bringing another motion to vacate under 28 U.S.C. § 2255 because of § 2255's limitation on successive petitions because he has not shown that he has received authorization from the Fourth Circuit to file a second § 2255 petition.

However, the fact that Petitioner is barred from raising his Simmons claim through a § 2255 petition does not mean there is a "gap" in the current system of federal post-conviction relief that would allow him to bring a writ of audita querela. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) (observing that statutory limits on successive habeas petitions "do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs). In sum, because Petitioner's claim is cognizable in a § 2255 motion, even if he is barred from raising it at this time, the writ of audita querela is not available to him.

**CONCLUSION**

For the reasons stated herein, the Court will deny Petitioner's Motion for Miscellaneous Relief under Pursuant to 28 U.S.C. § 1651.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner has failed to demonstrate both that this Court's

dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Proceed in Forma Pauperis, [Doc. 2], is **DENIED**.

2. Petitioner's Motion for Miscellaneous Relief Pursuant to 28 U.S.C. § 1651, [Doc. 1], is **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

Signed: June 12, 2013

Martin Reidinger
United States District Judge