# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:96-cr-00053-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| ) | |
| ERIC WHEELER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Rule 60(b)(4) Motion for Relief from Void Judgment" [Doc. 766].

**I. PROCEDURAL BACKGROUND**

The Defendant was convicted following a jury trial of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and using a firearm during the commission of a drug offense, in violation of 18 U.S.C. § 924(c)(1) (Count Eleven). The Defendant was sentenced, *inter alia*, to a term of life imprisonment on Count One and a term of 60 months' imprisonment on Count Eleven, to be served consecutively. His conviction and sentence were affirmed on appeal. United States v. Wheeler, 1998 WL 416704 (4th Cir. 1998), cert. denied, 525 U.S. 1091 (1999). The Defendant

subsequently filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the Court granted in part and denied in part. [Doc. 449]. Specifically, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the Court vacated the Defendant's sentence of life imprisonment as to Count One and imposed a sentence of 360 months' imprisonment. [Id.]. On January 23, 2002, the Fourth Circuit Court of Appeals reversed and remanded for resentencing. [Doc. 479]. On remand, the Court reimposed the life sentence as to Count One. [Doc. 482]. The Defendant appealed, but the Fourth Circuit denied the Defendant's application for a second or successive motion for relief under § 2255. [Doc. 706].

The Defendant now brings this motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure, arguing that the Judgment in this case is void due to a lack of jurisdiction, violations of due process, and fraud upon the court. [Doc. 766].

## II. DISCUSSION

Even though the Defendant insists that his claim is brought pursuant to Federal Rule of Civil Procedure 60, and not pursuant to 28 U.S.C. § 2255 or any other provision, the Fourth Circuit has held that a defendant may not challenge his criminal conviction under the Federal Rules of Civil Procedure, particularly Rule 60(b). See United States v. Grapes, 408 F. App'x 766, 767

(4th Cir. 2011) (per curiam) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment."). The cases to which the Defendant cites for his firm reliance on Rule 60 pertain to the application of Rule 60 to a judgment in a § 2255 proceeding, not a criminal judgment. As such, insistence on moving pursuant to Rule 60 is without merit.

The type of relief that the Defendant seeks in his motion is precisely of the nature of relief that would be obtained through a successful Section 2255 proceeding. [See Doc. 766 at 5]. For this reason, the Court must treat this motion as a motion brought pursuant to § 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531 (2005) ("Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."); United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application").

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a] prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The AEDPA,

however, provides a specific limitation on a prisoner's ability to bring a second or successive motion under § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Defendant has provided no evidence that he has secured authorization from the Fourth Circuit to file a second § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed.

Regardless of the procedural niceties, however, the substantive argument advanced in the Defendant's motion is simply without any merit. The Defendant claims that the statute giving this Court jurisdiction over criminal matters, 18 U.S.C. § 3231, was never actually passed by Congress and thus this Court's judgment regarding the Defendant's conviction is void. This argument fails for three reasons.

First, the "Enrolled-Bill Rule" bars this claim.  The Defendant concedes that the Speaker of the House and the President *Pro Tempore* of the Senate signed the bill (HR 3190) that became 18 U.S.C. § 3231, thus certifying it as enrolled, and forwarded it to President Truman, who signed it into law on June 23, 1948.  "An enrolled bill, thus attested, is *conclusive evidence* that it was passed by Congress."  United States v. Farmer, 583 F.3d 131, 151-52 (2d Cir. 2009) (citation omitted), cert. denied, 559 U.S. 1058 (2010).  Whether Congress has acted properly to pass a bill is a political question; it is governed by the internal workings and rules of the two houses of Congress.  The separation of powers thus forbids an Article III Court from looking behind the certificates of the Speaker and President *Pro Tempore* of the Article I legislature.

Second, every court that has examined the question of whether § 3231 was properly passed has concluded that it was.  See, e.g., Wolford v. United States, 362 F. App'x 231, 232 (3rd Cir. Jan. 26, 2010); Turner v. United States, No. CIV.A. 11-0327-WS-C, 2011 WL 5595939, at *5 (S.D. Ala. Sept. 8, 2011), report and recommendation adopted, No. CIV.A. 11-0327-WS-C, 2011 WL 5597283 (S.D. Ala. Nov. 17, 2011); Cavender v. Doe, No. 5:11-cv-73-DCB-RHW, 2011 WL 3625362, at *3 (S.D. Miss. Aug. 17, 2011); Garey v. United States, No. 5:08-CV-90024, 2010 WL 2507834, at *23 (M.D. Ga.

Mar. 29, 2010), report & recommendation adopted, 2010 WL 2507833 (M.D. Ga. Jun. 15, 2010); United States v. Jerdine, No. 1:08CR00481, 2009 WL 4906564, at *2 (N.D. Ohio Dec. 18, 2009), aff'd, 511 F. App'x 391 (6th Cir. Jan. 7, 2013); Garcia v. United States, No. 2:07-cv-222-FTM-29SPC, 2009 WL 2781740, at *5 (M.D. Fla. Aug. 28, 2009); United States v. Siegelman, No. 2:05-cr-100-MEF-CSC, 2007 WL 1284276, at *1 (M.D. Ala. Apr. 30, 2007); United States v. Risquet, 426 F. Supp. 2d 310, 311 (E.D. Pa. 2006). The Defendant makes no argument to this Court as to why these decisions are in error.

Third, and most importantly, even if the Defendant were correct and HR 3190 (which became § 3231) had not been properly adopted, the Defendant's argument would still fail. In addition to granting the federal courts jurisdiction over criminal cases, HR 3190 repealed the prior jurisdictional statute. If HR 3190 was not properly passed, then this Court continued to have jurisdiction over criminal matters pursuant to the prior (and thus un-repealed) statute. Either way, the federal courts have continually had jurisdiction over criminal matters since 1948. The sheer number of criminal judgments that have been entered by the federal courts over the past 70 years attest to the fact that the Defendant's argument is obviously wrong.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Defendant has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller–El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a Defendant must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

### **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's "Rule 60(b)(4) Motion for Relief from Void Judgment" [Doc. 766] is **DENIED** and **DISMISSED** as a successive petition.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 11, 2018

*Martin Reidinger*
United States District Judge