# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 4:96-cr-00053-MR-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIC WHEELER, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the Defendant's motions for a reduced sentence under the First Step Act [Docs. 770, 774] and the Defendant's Emergency Motion for Expedited Release [Doc. 777].

## I.    BACKGROUND

The Defendant was found guilty by a jury of conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and using a firearm during the commission of a drug offense, in violation of 18 U.S.C. § 924(c)(1) (Count Eleven).  He was sentenced to a term of life imprisonment on Count One and to a term of 60 months' imprisonment on Count Eleven, to be served consecutively.  His conviction and sentence were affirmed on appeal. United

States v. Wheeler, 153 F.3d 725, 1998 WL 416704 (4th Cir. 1998) (unpublished table decision), cert. denied, 525 U.S. 1091 (1999).  In April 2001, the Court granted the Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).  The Court reduced the Defendant's sentence on Count One to a term of 360 months, for a total term of imprisonment of 420 months' imprisonment and a six-year term of supervised release.  [Doc. 449].  On appeal, the Fourth Circuit Court of Appeals reversed and remanded with instructions to reimpose the original life sentence on Count One.  [Doc. 479].  An Amended Judgment was entered on March 8, 2002.  [Doc. 482].

In 2009, the Defendant sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. [Doc. 572].  That motion was denied, because the Defendant was sentenced to the mandatory minimum and because of the amount of crack cocaine involved in his offense.[1] [Doc. 644].  In 2012, the Defendant sought relief under § 3582(c)(2) and

---

[1] Because this case was pre-Apprendi, the Bill of Indictment did not charge a drug quantity; however, on August 1, 1996, the Government filed an Information pursuant to 21 U.S.C. § 841(b), which alleged that Count One involved more than 5 kilograms of cocaine and more than 50 grams of cocaine base.  Furthermore, the evidence in the Offense Conduct section of the Presentence Report indicates that the Defendant was responsible for the distribution of between 35 and 70 kilograms of cocaine base.  [Doc. 699 at 6].

Amendment 782 [Doc. 700], but that motion was denied on the same grounds [Doc. 707].

The Defendant now moves for relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  [Docs. 770, 774, 777].

## II.    DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect.  Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841.  Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "28 grams."  Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.  Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132

Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

Here, the Defendant is not eligible for relief because the First Step Act did not modify the statutory penalties for the Defendant's offense. Contrary to Defendant's argument, "the statutory penalties . . . which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010" did not include Defendant's offense, which left his statutory penalty at a mandatory life sentence. Additionally, because the amount of cocaine base involved in his offense exceeded 25.2 kilograms, there is no change to his guideline computation. See U.S.S.G. § 2D1.1.

**IT IS, THEREFORE, ORDERED** that the Defendant's motions for a reduced sentence under the First Step Act [Docs. 770, 774] and the Defendant's Emergency Motion for Expedited Release [Doc. 777] are **DENIED**.

**IT IS SO ORDERED.**  Signed: January 16, 2020

Martin Reidinger
United States District Judge