## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 4:96-cr-00053-MR-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| ERIC WHEELER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for further consideration of the Defendant's motions for a reduced sentence under the First Step Act of 2018 [Docs. 770, 774].

## I.    BACKGROUND

Beginning in approximately November 1994 and continuing until approximately June 1996, the Defendant Eric Wheeler and his co-defendant, Owen Odman, organized a conspiracy to transport cocaine powder from New York and New Jersey to Cleveland County, North Carolina.  [Doc. 699: PSR at ¶¶ 8, 9].  Once in North Carolina, Wheeler and Odman cooked the powder into crack cocaine and distributed it to other members of the

conspiracy, who in turn distributed the crack to a number of street level dealers. [Id. at ¶¶ 9, 10]. During one 35-week period, Odman and Wheeler distributed between 35 and 70 kilograms of crack cocaine in this District. [Id. at ¶ 11]. They grossed approximately $48,000 per week and had a net profit of between $5,000 and $8,000 per week. [Id.]. On occasions when Wheeler was engaged in drug transactions, he would be armed with a firearm. [Id. at ¶ 13]. The firearm would be located in Wheeler's waistband, and Wheeler would make a point of showing the weapon to the other person. [Id.].

Prior to this conspiracy, Wheeler had developed an extensive criminal history in New Jersey. He was convicted twice for possessing cocaine near a school. [Id. at ¶¶ 33, 34]. While on parole, on different occasions, he possessed drug paraphernalia with intent to distribute; participated in a conspiracy involving a stolen car; and unlawfully possessed a gun, which police discovered after a woman reported a death threat. [Id. at ¶¶ 35-37].

In 1996, a federal grand jury in this District returned a 15-count Bill of Indictment against a total of fourteen individuals, including Wheeler and Odman. [Doc. 10: Indictment]. Count One of the Indictment charged Wheeler, Odman, and the other co-defendants with conspiracy to unlawfully manufacture, distribute, and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.

Count Eleven of the Indictment charged Wheeler with using and carrying a firearm during and in relation to a drug trafficking offense, namely, possession with intent to distribute cocaine, in violation of 18 U.S.C. § 924(c)(1). [Id.]. Because this case was pre-Apprendi,[1] the Bill of Indictment did not charge a drug quantity; however, the Government filed an Information pursuant to 21 U.S.C. § 841(b), which alleged that Count One involved more than 5 kilograms of cocaine and more than 50 grams of cocaine base. [Doc. 75]. The Government also filed an Information pursuant to 21 U.S.C. § 851 to establish two prior convictions for felony drug offenses. [Doc. 40]. As a result, Wheeler was subject to a mandatory term of life imprisonment and at least ten years of supervised release on Count One. See 21 U.S.C. § 841(b)(1)(A).

In October 1996, Wheeler was found guilty by a jury of both Counts One and Eleven.[2] [Doc. 153].

---

[1] Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt").

[2] Wheeler's co-defendant, Owen Odman, was not tried with him because he had not yet been arrested. Odman was finally apprehended on October 4, 2000 in the Southern District of Florida. [See Doc. 391]. Subsequent to his return to this District, a one-count Superseding Bill of Indictment was filed, charging him with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. [Doc. 403]. Odman was found guilty by a jury of the conspiracy count in January 2001. [Doc. 429]. The jury found the amount of drugs involved to be at least

3

In preparation for sentencing, the probation officer prepared a Presentence Report (PSR). [Doc. 699]. The probation officer calculated a base offense level of 38, based upon the finding that Wheeler was responsible for between 35 and 70 kilograms of crack cocaine. [Id. at ¶ 21]. The offense level was increased four levels due to Wheeler's role as an organizer of the conspiracy, resulting in a total offense level of 42. [Id. at ¶ 29].

The probation officer calculated a total 18 criminal history points, resulting in a criminal history category of VI. [Id. at ¶ 41]. While the probation officer noted that Wheeler qualified as a career offender, this designation did not affect the calculation of either his offense level or his criminal history category, given the quantity of drugs involved and the extensive nature of Wheeler's criminal history. [Id. at ¶¶ 30, 41]. Based on a total offense level of 42 and a criminal history category of VI, the Guidelines range of imprisonment was 360 months to life on Count One, with a mandatory consecutive term of five years for Count Eleven. [Id. at ¶¶ 56, 57]. However, because the statutory minimum term of imprisonment for Count One was

---

1.5 kilograms of cocaine base and at least 5 kilograms of powder cocaine. [Id.]. Odman was sentenced to a term of 360 months' imprisonment in August 2001. His sentence was subsequently reduced on two occasions pursuant to 18 U.S.C. § 3582(c)(2). [Docs. 686, 739]. He is currently serving a 235-month sentence. [See Doc. 739].

mandatory life, the applicable Guidelines range became life for Count One, along with the consecutive five-year term for Count Eleven.  [Id.].

The Court[3] sentenced Wheeler to a term of life imprisonment on Count One and to a term of 60 months' imprisonment on Count Eleven, to be served consecutively, and a term of six years of supervised release on Count One and a term of three years of supervised release on Count Eleven, to be served concurrently.  His conviction and sentence were affirmed on appeal. United States v. Wheeler, 153 F.3d 725, 1998 WL 416704 (4th Cir. 1998) (unpublished table decision), cert. denied, 525 U.S. 1091 (1999).  In April 2001, the Court granted the Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, the Court reduced Wheeler's sentence on Count One to a term of 360 months, for a total term of imprisonment of 420 months' imprisonment and a six-year term of supervised release.  [Doc. 449].  On appeal, the Fourth Circuit Court of Appeals reversed and remanded with instructions to reimpose the original life sentence on Count One.  [Doc. 479].  An Amended Judgment was entered on March 8, 2002.  [Doc. 482].

---

[3] The Honorable Lacy H. Thornburg, United States District Judge, presiding.  Upon Judge Thornburg's retirement, this matter was reassigned to the undersigned.

In 2009, Wheeler sought a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750. [Doc. 572]. That motion was denied, because Wheeler was sentenced to the statutory mandatory minimum and because of the amount of crack cocaine involved in his offense. [Doc. 644]. In 2012, Wheeler sought relief under § 3582(c)(2) and Amendment 782 [Doc. 700], but that motion was denied on the same grounds [Doc. 707].

In 2019, Wheeler filed a motion *pro se* seeking relief under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). [Docs. 770, 774, 777]. This Court denied Wheeler's motions on the grounds that he was not entitled to relief. [Doc. 788]. Wheeler, now represented by the Federal Defenders, appealed. [Doc. 791]. In March 2020, the Court of Appeals held the appeal in abeyance pending its decision in United States v. Gravatt, No. 19-6852 [Doc. 797]. In May 2020, the Court of Appeals granted Wheeler's unopposed motion for remand for further consideration of Gravatt, 953 F.3d 258 (4th Cir. 2020), and United States v. Wirsing, 943 F.3d 175 (4th Cir. 2019).

On remand, this Court directed the parties to submit supplemental briefing, not to exceed ten (10) pages, on the issue of the extent to which Wheeler's sentence should be reduced. [Doc. 813]. On two occasions, Wheeler's counsel sought additional time to file such supplemental briefing [Docs. 816, 818], and the Court granted both requests. [Text-Only Orders

6

entered June 9, 2020 and Aug. 18, 2020]. Thereafter, Wheeler's counsel moved to suspend briefing pending the receipt of transcripts requested from the Clerk's Office, which the Court also allowed. [Doc. 828; Text-Only Order entered Sept. 17, 2020].

On July 6, 2021, Wheeler's counsel filed a supplemental brief [Doc. 858], to which the Government responded [Doc. 862]. Wheeler then filed a reply. [Doc. 863]. At the same time, Wheeler filed a motion to allow his supplemental brief even though it exceeded the ten-page limit set by the Court. [Doc. 864]. The Government objected to both Wheeler's motion and his filing of a reply brief. [Doc. 865]. The Court struck Wheeler's supplemental brief and his reply brief as improperly filed and directed the parties to submit new supplemental briefs. [Text-Only Order entered July 19, 2021]. Wheeler filed his supplemental brief on July 29, 2021. [Doc. 869]. The Government filed its response on August 6, 2021. [Doc. 872]. Having been fully briefed, this matter is ripe for disposition.

## II.    DISCUSSION

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the

7

(b)(1)(B) threshold from "5 grams" to "28 grams." Section 3 eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). Congress did not apply these changes retroactively to defendants sentenced before the Act's passage.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." 132 Stat. at 5222. Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Id.

When presented with a motion for relief under Section 404 of the First Step Act, a district court first must determine whether the sentence qualifies for review on the merits. United States v. Gravatt, 953 F.3d 258, 262 (4th Cir. 2020). Here, the Defendant undoubtedly qualifies for review: 1) he was

8

sentenced for a violation of a "covered offense"; 2) his motion for a reduction in sentence is addressed to the court that imposed the sentence; and 3) the sentence has not been previously reduced under the First Step Act.

Having determined that the Defendant's sentence qualifies for review on the merits, the Court must now determine whether to exercise its discretion to impose a reduced sentence as if the Fair Sentencing Act were in effect at the time the covered offense was committed. First Step Act, § 404(b), 132 Stat. at 5222. "The stated policy governing the exercise of this discretion is to bring a sentence that is qualified for reduction 'in line' with a sentence that the court would have imposed under the Fair Sentencing Act had it been in effect." United States v. Lancaster, 997 F.3d 171, 175 (4th Cir. 2021).

The Court must begin its analysis with the calculation of the appropriate Guidelines range and a "brief reconsideration" of the 18 U.S.C. § 3553(a) factors. Lancaster, 997 F.3d at 175. In calculating the Guidelines range, the Court "must *correct* any original Guidelines errors and apply intervening case law made retroactive to the original sentence." United States v. Collington, 995 F.3d 347, 355 (4th Cir. 2021) (emphasis in original). In considering the § 3553(a) factors, the Court may consider relevant post-sentencing conduct, such as any disciplinary infractions incurred or

rehabilitative efforts undertaken while the Defendant was incarcerated. Lancaster, 997 F.3d at 175; United States v. White, 984 F.3d 76, 90 (4th Cir. 2020). The Fourth Circuit has stressed that this process is not a "plenary resentencing," nor is it "intended to be a complete or new relitigation of Guidelines issues or the § 3553(a) factors." Lancaster, 997 F.3d at 175; Collington, 995 F.3d at 358 ("the First Step Act contemplates a robust resentencing analysis, albeit not a plenary resentencing"). Rather, as the Fourth Circuit has explained:

> the scope of the analysis is defined by the gaps left from the original sentencing to enable the court to determine what sentence it would have imposed under the Fair Sentencing Act in light of intervening circumstances. If, after conducting the analysis, the court determines that the sentence would not be reduced, then no relief under the First Step Act is indicated.

Lancaster, 997 F.3d at 175 (emphasis added). Even though this is not a plenary resentencing, this proceeding must still be both procedurally and substantively reasonable. Collington, 995 F.3d at 360.

With the application of the First Step Act, Wheeler is no longer subject to a statutory mandate of a life sentence on Count One. His statutory penalties are reduced to no more than 30 years of imprisonment and at least

six years of supervised release for this count.  See 21 U.S.C. §§ 841(b)(1)(C), 851.[4]

The Court now turns to the calculation of the revised advisory Guidelines range.  Wheeler contends that the Guidelines range should be calculated using the same drug weight (1.5 kilograms of cocaine base) that was attributed to his co-defendant, Owen Odman, because Wheeler and Odman were charged with the same, coextensive conspiracy.  [Doc. 869 at 4].  These defendants, however, were tried separately, and the Court made different findings as to the applicable drug quantities for each.  The specific drug quantity attributed to Wheeler is adequately supported by the record. [Doc. 699 at ¶ 11],  Therefore, the Court finds no basis to disturb this factual finding.  Moreover, while these defendants may have engaged in the same drug conspiracy, their circumstances differ significantly.  For example, there is no indication in the record that Odman was on parole at the time of the drug conspiracy in question, whereas Wheeler organized the conspiracy only a few months after his release from state prison and while he was on parole. Odman had a total of six criminal history points, resulting in a criminal history

---

[4] The Court applies the statutory penalties set forth in § 841(b)(1)(C) because there are not any drug quantities alleged in the Indictment, nor did the jury find any specific drug quantities beyond a reasonable doubt.

Case 4:96-cr-00053-MR   Document 873   Filed 09/17/21   Page 11 of 18

category of III, whereas Wheeler had 18 criminal history points, resulting in a criminal history category of VI. See United States v. Odman, No. 4:96-CR-00053-MR-1, 2020 WL 6877180, at *1 (W.D.N.C. Nov. 23, 2020). Additionally, Odman was not convicted of possessing a firearm in furtherance of his drug-trafficking crime. See id.

While Odman initially received a sentence of 360 months' imprisonment, due to retroactive amendments to the Guidelines, Odman's sentence has been reduced under 18 U.S.C. § 3583(c)(2) to 235 months' imprisonment. Odman, however, did not qualify as a career offender. Here, even if this Court were to hold Wheeler responsible for only 1.5 kilograms of crack cocaine, the Guidelines would still advise a sentence of at least 360 months, because Wheeler was, and remains, a career offender.[5]

In short, the record supports the drug quantity found by the Court at Wheeler's original sentencing. The Court finds no basis to disregard this quantity and to attribute a lesser amount to Wheeler. But even if the Court

---

[5] Wheeler argues that he is no longer a career offender because his drug conspiracy conviction is not a "controlled substance offense" under the Guidelines in light of United States v. Norman, 935 F.3d 232 (4th Cir. 2019). [Doc. 469 at 5]. However, Wheeler's § 924(c) conviction for using and carrying a firearm in furtherance of a drug trafficking offense, namely, possession with intent to distribute cocaine base, still qualifies as a "controlled substance offense" triggering the career offender guideline, even if his § 846 conspiracy conviction does not. See U.S.S.G. § 4B1.1(a)(2); United States v. Robinson, 447 F. App'x 512, 514-15 (4th Cir. 2011).

12

did attribute a lesser quantity, such would have no bearing on the applicable Guidelines range in light of Wheeler's career offender status.[6]

In light of the quantity of drugs for which Wheeler was found to be responsible (35 to 70 kilograms of cocaine base), as well as his role as an organizer of the conspiracy, Wheeler's total offense level remains at 42. His criminal history category also remains at VI in light of his extensive criminal history. With the elimination of the statutory mandate of life imprisonment for Count One, his advisory Guidelines range becomes 360 to life on that Count. Because the statutory maximum has been reduced to thirty years, see 21 U.S.C. 841(b)(1)(C), the Guidelines advise a sentence of 360 months for Count One, along with a mandatory consecutive term of five years for the § 924(c) count, for a total term of imprisonment of 420 months.

Determining the applicable Guidelines range, however, is merely the starting point. The Court must now briefly reconsider the relevant § 3553(a) factors and consider any relevant post-sentencing conduct, such as any disciplinary infractions incurred or rehabilitative efforts undertaken while the Defendant was incarcerated. See Lancaster, 997 F.3d at 175; United States v. White, 984 F.3d 76, 90 (4th Cir. 2020).

---

[6]In any event, 360 months is within the 324 to 405-month Guideline range that Wheeler contends would apply based on the drug weights in Odman's case. [See Doc. 869 at 5].

On this point, Wheeler argues that his sentence should be further reduced from the already reduced Guidelines range to a term of 235 months on Count One, a variance of more than ten years. [Doc. 869 at 2]. As grounds for this variance, Wheeler argues that the First Step Act eliminated his mandatory life sentence and lowered the maximum penalty for his drug offense to no more than 30 years. [Id.]. These changes already served as the catalyst for the reduction of his Guidelines range; they do not warrant a further downward variance from that reduced range. This argument, therefore, is rejected.

Next, Wheeler argues that a further reduction is warranted in order to reflect his "equal culpability" with his co-conspirator, Odman, and to eliminate the "unwarranted sentencing disparity" between them. [Doc. 869 at 2, 3-6]. While § 3553(a)(6) requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," such considerations are not as relevant here, where the two defendants under consideration had significantly different criminal records, were found to be responsible for different drug quantities and engaged in different conduct during the course of the conspiracy, i.e., Wheeler using and carrying a firearm during drug

transactions while Odman did not. This factor, therefore, does not weigh in favor of further reducing Wheeler's sentence.

Briefly reconsidering the § 3553(a) factors, the Court notes that Wheeler organized an extensive operation to bring enormous quantities of cocaine from New Jersey and New York to North Carolina. He personally transported powder cocaine and used it to manufacture crack cocaine. Further, he armed himself during transactions and oversaw a number of others who were also armed. In light of the nature and circumstances of the offense, the Court concludes that a Guideline sentence of 360 months would appropriately reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

Further, consideration of Wheeler's history and characteristics support the imposition of a Guideline sentence. He committed the present federal offense after numerous state convictions, resulting in the accumulation of 18 criminal history points. Further, he operated this drug trafficking conspiracy while on parole, only months after being released from state prison. In light of Wheeler's significant criminal history, the Court concludes that a 360-month sentence is necessary in order to afford adequate deterrence and to protect the public from further crimes.

Wheeler contends that consideration of his extensive post-sentencing rehabilitation supports the imposition of a reduced sentence of 235 months. [Doc. 869 at 6-8]. The Supplemental Presentence Report filed in this case indicates that Wheeler has completed an impressive number of educational programs and work assignments while incarcerated. [Doc. 815 at 3-4]. Additionally, Wheeler argues that he has a strong "support system" outside of prison, consisting of his daughter, his daughter's fiancé, Wheeler's own fiancée, and his fiancée's son. [Doc. 869 at 6-7]. While the Supplemental Presentence Report indicates that he has approximately a dozen disciplinary actions, Wheeler argues that most of these infractions were "minor" and were related to his addiction issues, which he attempted to address through several sobriety programs. [Id.].

While the Court finds Wheeler's efforts at post-sentencing rehabilitation to be commendable overall, his coursework, family support, and disciplinary record do not support a downward variance, much less the requested variance of more than ten years. These factors do not mitigate the seriousness of his armed drug trafficking activity, nor do they undermine the need for a long prison sentence to deter Wheeler and to protect the public from further crimes.

Finally, Wheeler argues that "a variance" is "warranted to correct" the "disparity created by the Sentencing Commission's differential treatment of crack and powder cocaine offenses." [Doc. 869 at 8]. The Court rejects this argument for a number of reasons. First, a 360-month Guideline sentence will place Wheeler in a more favorable position than he would be in if his offense had involved the same quantity of only powder cocaine. A powder-only offense would have exposed him to a mandatory life sentence without the opportunity for a reduction afforded by the First Step Act. Second, if this Court were to adjust Wheeler's base offense level under his own proposal to "remedy the crack/powder sentence disparity" [Doc. 869 at 9], the Guidelines would still call for a sentence of at least 360 months due to his status as a career offender. See U.S.S.G. § 4B1.1(c)(2)(B), (3). Moreover, as previously noted, a 360-month sentence would fall within the middle of the 324 to 405-month range that Wheeler contends the Guidelines would advise if this Court treated the crack cocaine involved in his offense like powder cocaine. [Id.]. For all these reasons, the Court concludes that a 360-month Guideline sentence best serves the statutory purposes of sentencing for Count One in this case.

**IT IS, THEREFORE, ORDERED** that the Defendant's motions for a reduced sentence under the First Step Act of 2018 [Docs. 770, 774] are

**GRANTED**, to the extent that the Defendant's term of imprisonment with respect to Count One is **REDUCED** to a sentence of **THREE HUNDRED AND SIXTY (360) MONTHS** to run consecutively to the sixty (60) month sentence imposed regarding Count Eleven, for a total term of imprisonment of **FOUR HUNDRED AND TWENTY (420) MONTHS**. The Defendant's term of supervised release for Count One remains a term of **six (6) years**. All other terms and conditions of the Defendant's Amended Judgment [Doc. 482] shall remain in full force and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in accordance with this Order.

The Clerk is further directed to provide copies of this Order to the Defendant, counsel for the Defendant, the United States Attorney, the United States Marshals Service, the United States Probation Office, and the United States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge

18